UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
*Electronically Filed*

| | |
|---|---|
| **Latasha Jones,**<br><br>　　　**Plaintiff,**<br><br>v.<br><br>**QP1, Inc.,**<br>**QP2, Inc. &**<br>**Luttrell Staffing, Inc.**<br><br>　　　**Defendants.** | Case Number  1:20-cv-00205-GNS |

## Complaint & Jury Demand

1. The Plaintiff, Latasha Jones, sues Defendants, QP1, Inc., QP2, Inc. and Luttrell Staffing, Inc., for interference in violation of the Family Medical Leave Act (FMLA).

2. The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 2617(a)(2).

3. Plaintiff resides in Glasgow, Kentucky.

4. Defendant QP1 is a Kentucky corporation with a principal place of business at 1435 Campbell Lane, Bowling Green, Kentucky.

1

5. Defendant QP1's officers are: Svetlana Luttrell, Connie Harris, David Luttrell and Mary Luttrell.

6. Defendant QP2 is a Kentucky corporation with a principal place of business at 1435 Campbell Lane, Bowling Green, Kentucky.

7. Defendant QP2's officers are: Lana Luttrell, Connie Harris, David Luttrell and Marty Luttrell.

8. Luttrell Staffing Group is an assumed name corporation.

9. The assumed name *Luttrell Staffing Group* is owned by Defendant Luttrell Staffing.

10. Defendant Luttrell Staffing is a Tennessee corporation with a principal place of busines in Rogersville, Tennessee.

11. Defendant Luttrell Staffing's officers are: Tim Luttrell and Dovie Mae Luttrell.

12. Defendant QP1 was Plaintiff's employer.

13. Defendant QP1 employs more than 50 employees within 75 miles of Glasgow, Kentucky.

14. Defendant QP2 was Plaintiff's employer.

15. Defendant QP2 employs more than 50 employees within 75 miles of Glasgow, Kentucky.

16. Defendant Luttrell Staffing was Plaintiff's employer.

17. Defendant Luttrell Staffing employs more than 50 employees within 75 miles of Glasgow, Kentucky.

18. Defendants are an enterprise engaged in interstate commerce.

19. Defendants staff temporary workers at various businesses in Kentucky and other states.

20. Plaintiff worked for Defendants.

21. Plaintiff began working for Defendants in May 2019.

22. Plaintiff was the branch manager in Glasgow, Kentucky.

23. Plaintiff had worked for Defendants more than 1250 hours the 12 months preceding November 10, 2020.

24. Plaintiff had worked for Defendants for more than a year as of November 10, 2020.

25. Plaintiff became seriously ill on or about November 10, 2020.

26. Plaintiff notified Defendants that she was ill.

27. Plaintiff's health got worse.

28. Plaintiff treated with a health care provider on November 12, 2020.

29. Plaintiff notified Defendants that she was extremely ill.

30. Defendants knew that Plaintiff had a serious medical condition on or before November 12, 2020.

31. Defendant QP1 did not notify Plaintiff of her FMLA rights.

32. Defendant QP2 did not notify Plaintiff of her FMLA rights.

33. Defendant Luttrell Staffing did not notify Plaintiff of her FMLA rights.

34. Defendants did not have any FMLA posters up in Glasgow, Kentucky in November 2020.

35. Plaintiff needed FMLA leave from at least November 12, 2020 through November 16, 2020.

36. Plaintiff saw a health care provider on November 25, 2020 for the same condition she had earlier in the month.

37. The health care provider opined that Plaintiff should be excused from work from November 12, 2020 through November 16, 2020.

38. Defendant QP1 never requested a medical certification from Plaintiff.

39. Defendant QP2 never requested a medical certification from Plaintiff.

40. Defendant Luttrell Staffing never requested a medical certification from Plaintiff.

41. Defendants terminated Plaintiff via telephone on November 17, 2020.

42. The termination call came from Tennessee.

43. Defendants told Plaintiff that she was terminated as of November 23, 2020.

44. Defendants interfered with Plaintiff's FMLA right to be advised of FMLA.

45. Defendants interfered with Plaintiff's FMLA right to take FMLA leave.

46. Defendants interfered with Plaintiff's FMLA right to have her job remain open while she was on FMLA leave.

47. Defendants interfered with Plaintiff's FMLA right to be restored to her position.

48. Defendant QP1 and Defendant QP2 are prohibiting Plaintiff from working in the staffing industry within a hundred-mile radius of their offices.

49. Plaintiff has experience in the staffing industry and could find another job near her home but for Defendants position that there is a valid non-compete.

50. Defendants fired Plaintiff in violation of the FMLA.

51. Defendants did not have a legitimate non-discriminatory reason from terminating Plaintiff.

52. Plaintiff was a good employee.

53. Plaintiff staffed temporary workers throughout the Glasgow market.

54. Plaintiff ran a profitable office for Defendants.

55. Defendants directed Plaintiff's work from Tennessee.

56. Defendants acted in reckless disregard of the FMLA.

57. Defendants are joint employers.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, liquidated damages, front pay, interest, removal of any impediments to secure employment, attorneys' fees, costs and any other relief the Court deems appropriate.

Respectfully submitted this 11th day of December 2020,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Mazaheri & Mazaheri
312 S Fourth St Ste 700
Louisville, Kentucky 40202
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com